## Blank, Appellants, *v.* Board of Adjustment.

Argued October 9, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

reargument refused December 20, 1957.

*Harvey E. Schauffler, Jr.,* for appellants.

*M. E. Evashwick,* with him *R. R. McWhinney* and *Parker, Evashwick & Brieger,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, November 11, 1957:

This appeal is from the dismissal by the County Court of Allegheny County of an appeal from the Zoning Board of Adjustment of the Borough of West Mifflin, because it was lodged with the County Court beyond the statutory thirty-day period from the decision of the board, prescribed by the Act of May 4, 1927, P. L. 519, as added to by the Act of July 10, 1947, P. L. 1621, §93, 53 PS §48307.

On April 17, 1956, Richard A. Oakley appeared before the West Mifflin Borough Planning Commission and Board of Adjustment. The board minutes record it thus: "Richard A. Oakley, 4226 Bristol Street, Pitts-

burgh 7, inquired about rezoning of four acres which he purchased and on which he wishes to place a short range golf course, near Pleasant Hills Blvd. and Lebanon Church Road. He stated he would have access from Orchard Drive and Wolfe Drive, planned to erect a small tool house, and admission would be charged. The Commission will check the location."

At a special meeting of the board, held on June 13, 1956, Mr. Oakley asked for a decision on his short range golf course. At that time, the minutes record: ". . . It was moved by Chizmar, seconded by Novack, that an exception to the zoning ordinance be granted to Richard A. Oakley for short range golf course upon completion of proper forms and signature of authorized persons. Roll call vote: Chizmar—aye; Novack—aye; Greenhalgh—aye. Motion passed. . . ."

On June 28, 1956, an order, duly signed by the chairman of the board and attested by the secretary, issued from the board noting: "Exception granted." On July 19, 1956, a deed was executed whereby Oakley purchased additional land needed for the golf course at a price of $4,500, and proceeded to grade and prepare the property, expending a total of about $8,-000.

At the board meeting of August 21, 1956, several of the appellants who reside near the proposed course, voiced objection to the permission granted by the board to build the short range golf course. The chairman replied that it had been permitted by a variance granted by the board. One of the board members pointed out that ". . . when the borough was zoned all vacant property was put in Residential A zoning, the highest classification, with the understanding it could be dropped when needs arise." The chairman gave as reasons for the grant that other variances had been al-

lowed along the road on which this property was located, that the property had been for sale for years for development and they had never been able to develop it, and that ". . . in regard to the golf course, it was the impression of the Commission that it would be in a basin, the lights would be low, and it would not affect the adjacent property owners. . . ."

It was not until September 18, 1956, ninety-seven days after the board meeting of June 13th which voted tentative approval of Oakley's golf course, and eighty-two days after the order of the board, that appellants first lodged their appeal with the County Court.

The portion of the Borough Code which deals with zoning is quite explicit when it states: "Any person aggrieved by any decision of the board of adjustment, or any taxpayer or any officer of the borough, may *within thirty days* after such decision of the board, appeal to the court of common pleas[1] of the county by petition, duly verified, setting forth that such decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and specifying the grounds upon which he relies." (Emphasis supplied).

In view of the explicit language of the statute the court below was eminently correct in dismissing the appeal. Section 13 of the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, 46 PS §156, prescribes that: "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, . . ." We have consistently required that the procedural provisions of zoning statutes be rigidly adhered to: *Baederwood Center, Inc. v. Putney*, 390 Pa. 53, 133 A. 2d 836; *Kuiper v.*

---

[1] Under the Act of May 5, 1911, P. L. 198, as amended, 17 PS §626, the appeal is to the Allegheny County Court.

*Upper Merion Township,* 390 Pa. 178, 134 A. 2d 916; *Jacobs v. Fetzer,* 381 Pa. 262, 112 A. 2d 356; *Oteri Appeal,* 372 Pa. 557, 94 A. 2d 772; *Knup v. Philadelphia,* 386 Pa. 350, 126 A. 2d 399, and see cases cited therein. In *Young et al. v. Board of Adjustment of Wilkinsburg Borough et al.,* 349 Pa. 450, 37 A. 2d 714, at p. 452 we pointed out, when discussing the impropriety of appellants' action in not pursuing strictly the statutory zoning procedure: ". . . if they knew in time to proceed under the statute, its provisions required them to do so. In Colteryahn San. Dairy v. Milk Con. Comm., 332 Pa. 15, 23-24, 1 A. 2d 775, we said: 'It is well settled under the Act of March 21, 1806, P. L. 558 [4 Sm. L. 326], section 13, that where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued, to the exclusion of other methods of redress: Bowman v. Gum, Inc., 321 Pa. 516; Commonwealth ex rel. v. Margiotti, 325 Pa. 17, 32. This is particularly true of special statutory appeals from the action of administrative bodies: White et al. v. Old York Road Club et al., 318 Pa. 346; Taylor v. Moore, 303 Pa. 469; Ermine v. Frankel et al., 322 Pa. 70.' . . ."

Appellants argue on this appeal that the terminology used in the board's order was incorrect, that the order of the board effected an illegal rezoning of the area, and that the method of granting the order was incorrect. We will not pass at all on these contentions, since it is clear that they are matters to be raised on the appeal itself and are not pertinent on the question of its timeliness now before this Court. It is pertinent, however, to note that whatever the terminology employed by the board, and whatever the legal effect of the board's action, the practical effect of the board's vote of June 13, 1956 and the order of June 28, 1956, was to authorize Oakley to proceed with the construction of his short range golf course, and was clearly a

decision from which appellants had a right of appeal under the zoning Act.

Appellants also contend that they did not have notice of the decision of the board in accordance with that part of the Act of 1927, as added in 1947, Section 93 cited supra, 53 PS §48307, which reads: "Notice of such decision shall forthwith be given to all parties in interest."

Appellants, however, did not give notice to the board of any desire to be considered "parties", nor did they in any way evidence to the board their "interest" in the case until August 21, 1956, almost two months after the board's order, when they first voiced their objections to the board. Prior to that time, there was little to distinguish them individually from any other members of the community. The zoning ordinance of the borough has no special provision for notice. Had this ordinance specified that notice be given to all property holders within a given area, or adjoining the lot upon which a variance or exception is sought, and had the board failed in this respect, then some basis for their objections might be comprehended. But here nothing distinguished appellants from all the other property owners in the borough until they made their interest known to the board.

Furthermore it appears that several of the appellants at least did in fact have actual notice of the proposed change almost two months *before* the board approved Oakley's application, and yet they did not notify the board of their objections until two months *after* the board made its decision.

The board minutes of April 17, 1956 note the presence of the first named appellant, Francis Blank, at that meeting, and the minutes of the August 21st meeting, in summing up remarks made by Blank plainly reveal that he heard the original request of Oakley.

And the second named appellant, Robert J. Wylie, testified on re-direct examination: "On April 17, we heard that there was going to be a permit granted for a golf course . . ."

Under these circumstances, it is clear that any contention that appellants should be allowed an appeal nunc pro tunc because of lack of notice to them, in the face of the clear statutory prohibition against taking an appeal beyond the thirty-day period, must perforce fail.

Because of our determination that appellants in this case are clearly barred by the statute, it is unnecessary to consider their argument that estoppel ought not to bar their action.

Order affirmed.