## Newburger, Loeb & Co. v. Baldwin Securities Corp.

*M. E. Maurer*, for plaintiffs.

*John R. McConnell*, for defendant.

CHUDOFF, J., February 19, 1958.—Plaintiffs as registered owners of 2,000 shares of common stock of Baldwin Securities Corporation, a Pennsylvania corporation, hereinafter referred to as the Pennsylvania Corporation, seek the appointment of appraisers to determine the fair value of their shares in accordance

with the Pennsylvania Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §2852-908.

The controversy revolves around the provision of the said act which requires the shareholder to petition for the appointment of appraisers of the value of stock when a dissenting shareholder and a merged corporation are unable to agree as to the fair value of said stock. Under the act, the shareholder must petition for the appointment of appraisers within 90 days after the effective date of the merger: 15 PS §2852-908.

Plaintiffs allege to have so moved within the prescribed period, and defendant alleges that the period expired prior to plaintiffs' filing for the appointment of appraisers.

### Findings of Fact

1. On and since February 4, 1957, plaintiff, Newburger, Loeb and Co., has been the registered owner of 1,100 shares of stock of the Pennsylvania Corporation, and during the same period, Walston & Co., Inc., the other plaintiff, was the registered owner of 900 shares of stock of the said corporation.

2. From February 4, 1957, to the present time, L. Victor Weil has been the beneficial owner of the 2,000 shares of stock described above.

3. On or about February 4, 1957, Pennsylvania Corporation sent plaintiffs a printed notice which stated, inter alia, that its shareholders would on March 6, 1957, at their annual meeting consider a merger agreement to merge Pennsylvania Corporation into defendant, Baldwin Securities Corporation, a Delaware corporation, hereinafter referred to as defendant corporation.

4. The printed notice contained both a proxy statement and a copy of the proposed merger agreement.

5. The proxy statement advised the shareholders that if the joint plan and agreement of merger was

approved by the stockholders at the annual meeting, then the expected date of the merger was to be on or about April 26, 1957. The proxy statement further provided, if the directors decided to change the effective date of merger, then any stockholder who had previously objected to the proposed merger would be promptly notified.

6. Article 6 of the merger agreement *gave the board of directors of Pennsylvania Corporation the right to change the effective date of the merger or to cancel the merger altogether.*

7. By instruction of the equitable owner, both plaintiffs, prior to the shareholders' meeting, made written objections to the proposed merger.

8. The proposed merger was approved by the shareholders at their annual meeting.

9. During the first week of April 1957, defendant corporation sent plaintiffs a printed letter dated March 29, 1957. The letter was headlined in red print and the body of the letter was printed in black ink. The red letter headline read as follows: "This Letter Contains Important Instructions Concerning The Exchange Of Your Stock Certificates. Please Read Carefully." The body of the letter advised the shareholders, inter alia, that the proposed merger had been approved by the shareholders at their annual meeting. The letter further stated, at the first sentence of the fifth paragraph, that the merger was made effective on March 29, 1957.

10. Within 20 days after the effective date of the merger, both plaintiffs filed written demands for the fair value of their respective shares.

11. Unable to reach agreement with defendant corporation as to the fair value of their shares, plaintiffs petitioned this court on July 12, 1957, for the appointment of appraisers to determine the fair value of said shares.

## Discussion

Under the Pennsylvania Business Corporation Law, sec. 908, 15 PS §2852-908, a shareholder is entitled to certain rights and remedies if he objects to any proposed plan of action of a corporation authorized under the act if he comes within the definition of a dissenting shareholder.

Section 907 of the act, 15 PS §2852-907, provides that on merger or consolidation of a corporation, if the shareholder complies with the provisions of section 515 of the act, he will be entitled to the rights and remedies of a dissenting shareholder.

Section 515B specifically provides that the shareholder is to receive written notice that the plan has been effective. The shareholder then has 20 days to request payment of the fair value of his shares. Both plaintiffs complied with this requirement.

Section 515C states that if the shareholder and the corporation do not agree as to the fair value of the shares within 30 days of the effective date of the merger, then the dissenting shareholder must petition a court of common pleas for the appointment of appraisers within 60 days after the expiration of the original 30-day period or a total of 90 days from the effective date of the merger.

Section 515D provides that the rights and remedies of dissenting shareholders prescribed under this section shall be the exclusive rights and remedies of such shareholders.

Where a statute provides for a remedy, it must be strictly pursued to the exclusion of the other methods of redress: Blank v. Board of Adjustment, 390 Pa. 636 (1957). This principle has been cited and expressed with great uniformity thusly:

"Where a remedy or method of procedure is provided by an Act, its provisions shall be strictly pursued and exclusively applied": Barton v. Northampton

County, 342 Pa. 163, 168, 19 A. 2d 263; Thompson v. Morrison, 352 Pa. 616, 624, 44 A. 2d 55. See also cases therein cited.

Counsel for all parties agree that the only question to be decided is whether the 90-day limitation shall be measured from April 26, 1957, or from March 27, 1957.

Defendant advised plaintiffs of the effective date of the merger on March 29, 1957, as required by section 515B of the act. Defendant had previously sent all shareholders appropriate information of the rights and remedies of dissenting shareholders. A corporation could not be expected to advise each and every shareholder of all their different rights each time the corporation acted at different intervals during one overall course of action.

Plaintiffs were apprised of their rights, they received adequate notice of the effective date of the merger in the letter of March 29, 1957, and they failed to act within the time prescribed as their exclusive remedy required. Under all the surrounding circumstances, and in view of the fact that plaintiffs were learned, or presumed to be learned, in the questions now before the court, such notice as given to them in the letter dated March 29, 1957, was sufficient to inform them that the effective date of the merger had been changed. Plaintiffs at least owed to those whom they represented to inquire as to whether the letter of March 29, 1957, was applicable to dissenting as well as assenting shareholders. Having not done so, they cannot now be heard to complain that they relied upon the proxy statement which merely announced the expected date of the merger on or about April 26, 1957.

### Conclusions of Law

1. This court has jurisdiction of the matter before it.

2. Section 908, which incorporates section 515, of the Pennsylvania Business Corporation Law sets forth

the exclusive rights and remedies of plaintiffs. Such rights and remedies must be strictly construed.

3. Under section 908 of said act, plaintiff was required to petition for the appointment of appraisers within 90 days after the effective date of the merger.

4. Plaintiffs' petition not having been filed within the prescribed period, must be dismissed.

*Decree Nisi*

And now, February 19, 1958, plaintiffs' complaint is dismissed.

The prothonotary is directed to give notice to the parties of the filing of this decree nisi, and if no exceptions are filed thereto within 20 days from the date hereof, the prothonotary, upon praecipe, shall enter same as a final decree.