Porter, Appellant, *v.* Bloomsburg State College.

Argued November 21, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Deake G. Porter*, in propria persona, for appellant.

*J. Justin Blewitt, Jr.*, Deputy Attorney General, with him *J. Shane Creamer*, Attorney General, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, March 16, 1973:

Appellant filed a complaint in mandamus against certain officers of Bloomsburg State College and the Pennsylvania Department of Education, seeking rein-

statement to his position as an Associate Professor of Economics at Bloomsburg State College. After diverse pleadings were filed, all were withdrawn and an amended complaint was filed. Preliminary objections to this amended complaint were then interposed. After a hearing before the Commonwealth Court sitting en banc, appellee's preliminary objections were sustained on the grounds that appellant had failed to state a cause of action for an action of mandamus. We agree.

In *Garratt v. Philadelphia*, 387 Pa. 442, 448, 127 A. 2d 738 (1956), we stated: ". . . mandamus lies where there is a clear legal right in the plaintiff and a corresponding duty in the defendant, and the act requested is not discretionary but only ministerial, [but] . . . mandamus will not lie *to control* an official's discretion or judgment where that official is vested with a discretionary power." (Emphasis in original.) See also *Martin v. Garnet Valley School District*, 441 Pa. 502, 272 A. 2d 913 (1971), *Travis v. Teter*, 370 Pa. 326, 87 A. 2d 177 (1952), *Skok and Thurner v. Hoch*, 3 Pa. Commonwealth Ct. 640 (1971).

Whether a mandamus action will lie was a matter left to the sound discretion of the Commonwealth Court, and our scope of review is merely to determine whether the court below abused its discretion. *Verratti v. Ridley Township*, 416 Pa. 242, 206 A. 2d 13 (1965). A review of the record reveals that the Commonwealth Court did not abuse its discretion in this instance because appellant, a nontenured employee,[1] could not con-

---

[1] Although appellant was never granted continuous employment (tenure), the proceedings in which he was involved were conducted according to the procedure outlined for terminating those in continuous employment. Appellant was given a hearing before an administrative board, was afforded a hearing before the Committee on Professional Affairs, was given reasons for his termination and notice of his conditional reappointment, and also was given notice

tend that he had a clear right to his position or that reinstatement to his position by the college was purely a ministerial act.

Order affirmed.

---

of his failure to meet the conditions and the institution of hearings on the matter.