383 A.2d 1275

Mary F. COLEMAN, Appellant,

v.

BOARD OF EDUCATION OF the SCHOOL DISTRICT OF PHILADELPHIA, Appellee,

and

Board of Revision of Taxes of the City of Philadelphia, Appellee.

Supreme Court of Pennsylvania.

Argued Nov. 17, 1977.

Decided March 23, 1978.

Orlofsky, Cozen & Begier, Harry P. Begier, Jr., Philadelphia, for appellant.

John M. McNally, Jr., Philadelphia, for appellee, Bd. of Revision of Taxes for the City of Philadelphia.

Vincent J. Salandria, Philadelphia, for appellee, Bd. of Ed. of the Sch. Dist. of Philadelphia.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On July 1, 1974, appellant Mary F. Coleman filed in the Court of Common Pleas of Philadelphia a complaint in mandamus against the Board of Education of the School District of Philadelphia [the School District], appellee. The complaint alleged that the School District had unlawfully discharged Coleman from its employ and asked that the School District be ordered to reinstate her as its employee and compensate her for wages lost as a result of her allegedly wrongful dismissal. The School District filed an answer in which it denied that Coleman had been employed by the School District.

Coleman then served upon the School District a request for admissions as to facts and documents, which matters were deemed admitted because of the defendant's failure to respond within ten days of service. See Pa.R.C.P. 4014. The record was further augmented by the admission of a deposition by the executive assistant in the personnel office of the School District. Both parties then filed mo-

tions for summary judgment, pursuant to Pa.R.C.P. 1098.[1] On December 11, 1974, the trial court granted Coleman's motion and denied that of the School District. The School District took a direct appeal to the Commonwealth Court, and that court reversed the order of the trial court granting relief to Coleman and affirmed its order denying relief to the School District.[2] *Coleman v. Board of Education of the School District of Philadelphia*, 23 Pa.Cmwlth. 69, 350 A.2d 904 (1976). We granted Coleman's petition for allowance of appeal, and this appeal followed.

As this Court has previously stated:

"It is axiomatic that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. *Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners*, 440 Pa. 299, 303, 269 A.2d 871 (1970); *Unger v. Hampton Township*, [437 Pa. 399, 401, 263 A.2d 385 (1970)]; *Boslover Ahavas Achim Belzer Association v. Philadelphia Redevelopment Authority*, 425 Pa. 535, 538, 229 A.2d 906 (1967); *Verratti v. Ridley Township*, 416 Pa. 242, 246, 206 A.2d 13 (1965). Mandamus does not lie to compel the performance of discretionary acts except

1. Pa.R.C.P. 1098 provides:

 "At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible."

 On November 19, 1974, the heading of Rule 1098 was changed by amendment effective immediately from "Summary Judgment" to "Peremptory Judgment." The Rule was otherwise unchanged. We express no view as to the propriety of the defendant moving for judgment under Rule 1098, which on its face appears to limit such relief to plaintiffs. Compare Pa.R.C.P. 1035.

2. The Board of Revision of Taxes of the City of Philadelphia sought and received permission to intervene as a party before the Commonwealth Court and participated in that appeal. Its counsel also entered an appearance in this Court, but neither filed a brief nor took part in oral argument in connection with the instant appeal.

where the exercise or non-exercise of discretion is arbitrary, fraudulent, or based upon a mistaken view of the law. *Commonwealth v. Caplan*, 411 Pa. 563, 568–9, 192 A.2d 894 (1963); *Garratt v. Philadelphia*, 387 Pa. 442, 448, 127 A.2d 738 (1956)."

*Valley Forge Racing Association, Inc. v. State Horse Racing Commission*, 449 Pa. 292, 295, 297 A.2d 823, 824 (1972). It is well-settled, however, that the determination of whether or not mandamus lies in a given case is within the discretion of the trial court; the role of an appellate court in reviewing the trial court's decision in a mandamus action is to determine whether the trial court abused its discretion. *Porter v. Bloomsburg State College*, 450 Pa. 375, 301 A.2d 621 (1973), cert. denied 414 U.S. 844, 94 S.Ct. 105, 38 L.Ed.2d 82 (1973); *Commonwealth ex rel. Alessandroni v. Confluence Borough*, 427 Pa. 540, 234 A.2d 852 (1967).[3]

With these principles in mind, we turn to the circumstances of the instant case. The record reveals that beginning in 1960 Coleman was employed in the office of the Board of Revision of Taxes of the City of Philadelphia [Board of Revision] as a file clerk involved in work connected with tax collection for the School District. She was given an employee number and an employee identification card describing her as "clerk" by the School District, she was a member of the School Employees' Retirement Association and of the School District of Philadelphia Credit Union, and her salary was paid by the School District. In addition, official budgetary documents of the School District referred to and enumerated School District employees performing services including "tax collection and real estate assessment services for School District purposes" in the Board of Revision.

3. The School District argues instantly that mandamus was an inappropriate remedy, because, if Coleman was its employee, she had a clear and adequate remedy at law under the Local Agency Law, Act of December 2, 1968, P.L. 1133, § 1 *et seq.*, 53 P.S. § 11301 *et seq.* This argument, not raised below and advanced for the first time before this Court, has been waived. *Wenzel v. Morris Distributing Co., Inc.*, 439 Pa. 364, 266 A.2d 662 (1970). See also 3 R. Anderson, Pennsylvania Civil Practice, § 1095.7.

On June 26, 1974, the executive director of the Board of Revision sent Coleman a letter stating:

"The Board of Education has approved the termination of your services by the Board of Revision of Taxes as a *Philadelphia School District employee,* effective June 28, 1974.

"Accordingly, you are advised that you will be separated from the Board of Revision of Taxes payroll effective June 28, 1974." [Emphasis added.]

She reported for work on July 1, 1974, but was told to leave her place of employment and not to return. No reason for her dismissal appears in the record.

In support of her legal right to reinstatement, Coleman relies mainly on section 514 of the Public School Code, which states in pertinent part:

"The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct."

Act of March 10, 1949, P.L. 30, Art. V, § 514, 24 P.S. § 5–514. She also relies upon section 12–309(a) of the Educational Supplement to the Philadelphia Home Rule Charter, which provides:

"(a) The Board of Education shall have the authority to enter into agreements relating to, but not limited to, joint tax collection, joint purchasing of supplies, equipment and contractual services, use of recreational and park equipment and facilities, control and prevention of juvenile delinquency, city planning, capital budgeting, capital programming, comprehensive development planning and health services with any department, agency, office, board of commission of the City, or with any agency of the Commonwealth or of the United States, or with any non-profit private agency, when, in the opinion of the Board, such agreement will further the efficient and ef-

fective administration of public education. In any such agreements, the Board shall, insofar as possible, safeguard all rights of employment, status, and tenure of employes who may be transferred into or out of School District service by virtue of the operation of such agreements." 351 Pa.Code § 12.12–309(a). No such agreement with the Board of Revision, however, appears in the record, and we will focus our analysis on Coleman's alleged rights under the Public School Code.

Throughout this action, Coleman has maintained that she was an employee of the School District and thus within the protection of section 514, while the School District has consistently maintained that Coleman was not its employee and that section 514 is thus not applicable.[4] The determination of her employment status is therefore crucial to a determination of her legal rights.

■ The School District here argues, as it did in the Commonwealth Court, that the trial court erred in granting summary judgment in favor of Coleman because if the case had gone to trial, the evidence would have established that Coleman was under the control of the Board of Revision rather than of the School District; because a disputed issue of fact, Coleman's employment status, remained; and, because the evidence admitted at the time of the trial court's ruling did not establish the degree of control necessary to find Coleman an employee of the School District. To the extent the School District is arguing that the trial court's ruling precluded it from presenting evidei..e in support of its position, we are of the opinion that this objection has been waived, since the School District failed to ask that the judgment be opened, as provided by Pa.R.C.P. 1098. See *Hamby v. Stoe,* 448 Pa. 483, 295 A.2d 309 (1972).[5] Although

4. The term as used in section 514 is not specifically defined in the Public School Code.

5. In its memorandum opinion, the trial court noted our decision in *Hamby v. Stoe,* supra, quashing as premature a direct appeal from a summary judgment in mandamus before petitioning to open the judgment, but it observed that "in the case at bar, it has been agreed

we assume the factual issue whether Coleman was an employee of the School District remained in dispute,[6] this was the ultimate question of fact upon which the court's determination of Coleman's legal rights depended, and it was ripe for resolution by the court upon the parties' cross motions for summary judgment based upon the admitted facts. It remains for us to determine, therefore, whether there was sufficient evidence on the record to enable the court to determine that Coleman was an employee of the School District. See and compare *Venneri v. The County of Allegheny*, 12 Pa.Cmwlth. 517, 520, 316 A.2d 120, 122 (1974).

In arguing that the evidence was insufficient, the School District argues evidence was lacking that it exercised control over the conditions of Coleman's employment. In *Sweet v. Pennsylvania Labor Relations Board*, 457 Pa. 456, 462, 322 A.2d 362, 365 (1974), we stated:

> "The relation of employer and employe exists when a party has the right to select the employe, the power to discharge him, and the right to direct both the work to be done and the manner in which such work shall be done. *McColligan v. Pennsylvania Railroad Co.*, 214 Pa. 229, 63 A. 792 (1906). See, also *Smalich v. Westfall*, 440 Pa. 409, 269 A.2d 476 (1970); *Ragano v. Socony Vacuum Oil Co.*, 376 Pa. 271, 101 A.2d 686 (1954). The duty to pay an employe's salary is often coincident with the status of employer, but not solely determinative of that status. *Rodgers v. Washington County Institution District*, 349 Pa. 357, 37 A.2d 610 (1944)."

The test is thus framed in terms of the *right* and *power* to exercise such control, not in terms of whether the right and power were *actually* exercised or whether they were dele-

that no further evidentiary proceedings would be necessary and all matters which should have properly been brought before the Court were so presented."

**6.** We observe that one of the admissions made by the School District pursuant to Pa.R.C.P. 4014 was the following: "All employees of the School District of Philadelphia are members of the School Employees' Retirement Association and plaintiff is a member of said association *by reason of her employment by defendant*." [Emphasis added.]

gated to another.[7] In our view, Coleman presented ample evidence of such right and power. The documents issued by the School District itself indicated not only that it paid Coleman's salary, but that it continually treated and regarded her as its employee. Moreover, the letter of termination sent by the Board of Revision indicated not only that the Board of Revision regarded the School District's approval as necessary to Coleman's dismissal, but that the School District had actually given this approval. In the words of the trial court's memorandum opinion:

"The School District's budget documents conclusively indicate that plaintiff and other employees similarly situated at the Board of Revision of Taxes are employees of the School District designated to work in the Board of Revision of Taxes particularly with real estate assessment services for School District purposes. The control exercised by an employer is either actual or potential. *Yorston v. Pennell*, 397 Pa. 28, 39, 153 A.2d 255 (1959). As the Court there noted:

'Actual control, of course, is not essential. It is the right to control which is determinative.' See also *Mazer v. Lipshutz*, 31 F.R.D. 123 (E.D.Pa. aff'd, 327 F.2d 42 (3d Cir. 1964).

Correlative to control is the right to dictate the way in which a task shall be performed. Plaintiff was simply carrying out the directions of her general employer, the School District, to report to work to her special employer, Board of Revision of Taxes, to perform services which were carried out for the benefit and purposes of the School District. As set forth in Section 226 of the Re-

7. We are not here presented with the question of whether the Board of Revision was a joint employer of Coleman. See and compare *Costigan v. Philadelphia Finance Department Employees Local 696*, 462 Pa. 425, 341 A.2d 456 (1975). Instantly, Coleman is asserting her rights against the School District only. In her complaint, she made "demand upon defendant to reinstate her to her former position and assign her her proper duties or in the alternative to assign plaintiff to another position in the employ of the School District within the legal discretion of defendant to do so . . .."

statement Agency, Second, a person may be the servant of two masters, at one time as to one act, if the service to the one does not involve the abandonment of the service to the other. It is apparent that there was no abandonment of service by plaintiff as far as the School District was concerned in her working at the Board of Revision of Taxes."

We thus conclude there was sufficient evidence to enable the trial court to determine that Coleman was an employee of the School District.

 The Commonwealth Court agreed that the evidence was sufficient to bring Coleman within the purview of section 514 of the Public School Code, but it held that she was not entitled to reinstatement because she had failed to demand the hearing contemplated by section 514. In our view, the Commonwealth Court erred in deciding the appeal on the basis of an issue not presented to it by the parties.[8] *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975). Even assuming, however, that this issue was properly within the scope of the court's review of whether the trial court had abused its discretion, we do not agree with its conclusion. Section 514 establishes rights in a School District employee not to be dismissed without specific cause and not to be dismissed without due notice and a statement of reasons, and it establishes corresponding duties in the School District. It also establishes a right to a hearing, but the other rights and duties are not made contingent upon the employee's exercising his right to demand a hearing. Since the School District has consistently denied that it was Coleman's employer, it would have been futile for Coleman to have demanded of it the right to a hearing guaranteed to School District employees by section 514. Since the School District provided her with no reasons for her dismissal, she has

8. In its opinion, the Commonwealth Court stated: "The sole question before this Court is whether, based on the uncontroverted facts, Coleman was an 'employee' of School District." 23 Pa.Cmwlth. at 72, 350 A.2d at 906.

established a clear legal right to reinstatement without the necessity of a hearing.[9]

Accordingly, the order of the Commonwealth Court, to the extent it denied relief to Coleman, is vacated, and the record is remanded to the trial court with directions to re-enter its order granting summary judgment and appropriate relief.

PACKEL, J., did not participate in the decision of this case.

---

**9.** Coleman's complaint contained a prayer "To grant such other relief as may be just and equitable under the circumstances," but the Commonwealth Court denied all relief rather than remanding for a hearing. Compare *Shellem v. Springfield School District*, 6 Pa. Cmwlth. 515, 297 A.2d 182 (1972). See *Dombrowski v. Philadelphia*, 431 Pa. 199, 245 A.2d 238 (1968).