523 A.2d 1112

**Ronald R. RELOSKY and Frances G. Relosky, his wife, Appellants,**

v.

**John A. SACCO and the Borough of Ingram, Appellees.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1986.

Decided April 3, 1987.

340

William J. Murray, Murray & Difenderfer, William H. Difenderfer, Pittsburgh, for appellants.

James C. Larrimer, Dougherty, Larrimer & Lee, Pittsburgh, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

NIX, Chief Justice.

In this case we are called upon to decide whether Article IX of the Municipalities Planning Code, which governs the formation and operation of zoning hearing boards, also

applies to zoning-related decisions of a borough council where the borough has failed to create a zoning hearing board.

Appellants, Ronald and Frances Relosky, are the owners of a parcel of land, identified as lot 250, in the Borough of Ingram. Two buildings are situated on this lot. In July of 1980 appellants listed the rear building, consisting of a three-car garage on the first floor and an apartment on the second floor, for sale. In August of 1980 the Zoning Officer of Ingram, John A. Sacco, informed the Reloskys through their realtor that the rear unit could not be sold because the property was not approved for subdivision. Appellants then contacted the Ingram Solicitor, Clarence Biggs, and informed him of the Zoning Officer's ruling. Mr. Biggs advised appellants that if they wished to pursue the matter they should file for an occupancy permit with the Borough through the Zoning Officer's office.

On September 2, 1980, appellants filed an application to subdivide lot 250 by submitting a plot plan and letter addressed to the Ingram Planning Commission to Mr. Sacco. Mr. Sacco subsequently informed the appellants that the Ingram Borough Council would take action on the matter at the next council meeting, scheduled for October 13, 1980. No transcript was prepared of this meeting. Appellants contend that Mr. Relosky attended the meeting, but was not allowed to present any testimony regarding his application. Appellants further contend that Mr. Biggs announced at the October 13 meeting that a decision had been made one week before to deny appellants' application. Appellants finally contend that no written decision reflecting the denial of their application was ever rendered.

An appeal to the Court of Common Pleas of Allegheny County by appellants was filed. On November 30, 1980, appellees, John A. Sacco and the Borough of Ingram, filed an Answer and New Matter in which they claimed that the Borough of Ingram had never denied appellants' subdivision request; it had simply refused to act upon it because, never having enacted a subdivision ordinance, the Borough did not

have jurisdiction to either approve or disapprove such a request.[1]

After considering memoranda of law and the arguments of counsel,[2] Judge Nicholas P. Papadakos, now Mr. Justice Papadakos, issued an order dismissing the appellants' appeal and affirmed the Borough's decision on the basis that the Borough had lacked jurisdiction to consider the appellants' request. In his accompanying opinion Judge Papadakos explained that since Ingram did not have a subdivision ordinance, the County subdivision regulations controlled,[3] and the appellants should have applied for approval of their plan with the Allegheny County Planning Commission.

Appellants' next action was to submit a request for subdivision with the Allegheny County Planning Commission. On April 25, 1981, the Subdivision Administrator of the Department of Planning of the County of Allegheny informed the appellants that the Commission could not act on their request because it possessed only the authority to act on requests for subdivision of property into three or more parcels, whereas the appellants were seeking subdivision into two parcels.

On November 19, 1981, appellants returned to the Borough of Ingram and again requested occupancy permits to subdivide their property. By letter of December 3, 1981, the Building Inspector, Mr. Sacco, rejected the request on the basis that subdivision would be in violation of Ingram Borough Ordinance No. 982, Section 17, requiring "the lot area per dwelling unit shall be not less than 5,000 square

1. On appeal appellees have abandoned their contention that the Borough refused to act on appellants' application. We accordingly accept appellants' version of what transpired at the Council meeting, *i.e.,* that the application was orally denied but no written decision was ever issued.

2. No testimony was taken in this first appeal to the Court of Common Pleas.

3. Section 502 of the Municipalities Planning Code, 53 P.S. § 10502, provides that county regulations and approval authority apply where a municipality has not adopted a subdivision ordinance. *See Gable v. Springfield Township Zoning Hearing Board,* 18 Pa.Commwlth. 381, 335 A.2d 886 (1975).

feet for a One Family Dwelling, and not less than 2,500 square feet per dwelling unit for a Two Family Dwelling or Double House." The letter stated that "You have approximately 5538 square feet [in the total property]. If you remove 1810 square feet [the size of the rear unit], you make both lots illegal."

Appellants thereupon filed an action in the Court of Common Pleas of Allegheny County seeking a writ of mandamus to compel issuance of the occupancy permits. A hearing on the matter was held on October 12, 1982, and on the same day the Honorable Richard G. Zeleznik issued a writ of mandamus ordering appellees to grant appellants occupancy permits. Following the filing of exceptions, Judge Zeleznik issued an opinion stating that mandamus had been ordered because (1) Ingram Borough did not have a land subdivision ordinance and therefore had no basis to interfere with appellants' proposed subdivision; (2) Ingram Borough had not followed the formal procedures set forth in Title IX of the Municipalities Planning Code; and (3) the proposed subdivision and sale would not affect the long-standing use of the property and thus would not increase the non-compliance with Ingram Borough Ordinance No. 982. Appellees appealed to Commonwealth Court which reversed the Court of Common Pleas, stating that mandamus was not warranted in the instant case because permitting separate occupancy permits for the two structures would clearly violate ordinance No. 982.

Appellants filed a petition for review in this Court which we granted in order to decide whether mandamus was properly issued on the basis that the Ingram Borough Council had failed to comply with the procedures set forth in Title IX of the Municipalities Planning Code for zoning appeals.

Mandamus is an extraordinary writ which will issue to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the petitioner, a corresponding duty in the respondent, and want of any other adequate and appropriate remedy. *Shaler Area*

*School District v. Salakas,* 494 Pa. 630, 432 A.2d 165 (1981); *Coleman v. Board of Education of the School District of Philadelphia,* 477 Pa. 414, 383 A.2d 1275 (1978); *Rylke v. Portage Area School District,* 473 Pa. 481, 375 A.2d 692 (1977). The determination of whether or not mandamus lies in a given case is within the discretion of the trial court. The role of an appellate court in reviewing the trial court's decision in a mandamus action is to determine whether the trial court abused its discretion. *Coleman, supra; Porter v. Bloomsburg State College,* 450 Pa. 375, 301 A.2d 621, *cert. denied,* 414 U.S. 844, 94 S.Ct. 105, 38 L.Ed.2d 82 (1973).

Upon our review of the record in this case and the applicable statutory enactments, we determine, for the reasons set forth below, that the Court of Common Pleas did not abuse its discretion in issuing the writ of mandamus.

The Pennsylvania Municipalities Planning Code ("Code"), Act of July 31, 1968, P.L. 805, *as amended,* § 101 *et seq.,* 53 P.S. § 10101 *et seq.,* governing zoning and residential development in this Commonwealth, is applicable to various municipalities, including boroughs. *See* Section 107(13) of the Code, 53 P.S. § 10107(13); Historical Note to Section 101, 53 P.S. § 10101. Section 601 of the Code, 53 P.S. § 10601, enables municipalities to enact zoning ordinances. The requirement that municipalities create zoning hearing boards is set forth in Section 901, 53 P.S. § 10901, which provides that "[e]very municipality which has enacted or enacts a zoning ordinance pursuant to this act or prior enabling laws, shall create a zoning hearing board." 53 P.S. § 10901. The Code further provides, in Section 909, that the zoning hearing board shall hear and decide appeals from adverse decisions of the zoning officer.[4] 53 P.S. § 10909. The procedure for hearings before the zoning hearing board is set forth in Section 908, 53 P.S. § 10908. Section 908(5) states that the parties shall have the right to

---

**4.** Zoning Hearing Boards must also hear appeals in which an aggrieved landowner challenges the validity of a zoning ordinance, 53 P.S. § 10910; hear requests for variances, 53 P.S. § 10912; and hear requests for special exceptions, 53 P.S. § 10913.

be represented by counsel and shall be afforded the opportunity to present evidence and argument and cross-examine adverse witnesses on all relevant issues. Section 908(9) provides for the timely filing of a written decision by the zoning board as follows:

*The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days after the last hearing before the board or hearing officer. Where the application is contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor.* Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found. If the hearing is conducted by a hearing officer, and there has been no stipulation that his decision or findings are final, the board shall make his report and recommendations available to the parties and the parties shall be entitled to make written representations thereon to the board prior to final decision or entry of findings, and the board's decision shall be entered no later than forty-five days after the decision of the hearing officer. *Where the board fails to render the decision within the period required by this subsection,* or fails to hold the required hearing within sixty days from the date of the applicant's request for a hearing, *the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time.* When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision as hereinabove provided, the municipality shall give public notice of said decision within ten days in the same manner as provided in subsection (1) of this section. Nothing in this subsection shall prejudice the right of any party opposing the application to urge that such decision is erroneous. (Emphasis added.)

In the instant case the Borough of Ingram took advantage of the Code section enabling it to enact zoning ordinances but failed to comply with the Code section requiring it to create a zoning hearing board.[5] As a result of this failure, appellants' appeal from the Zoning Officer's decision was taken, pursuant to the Borough Solicitor's direction, to the Borough Council. The Council therefore acted as a *de facto* zoning hearing board at the hearing which occurred on October 13, 1980. We hold that since the Ingram Borough Council was acting as a zoning hearing board, it was required to follow the procedures set forth in Title IX governing appeals from a zoning officer's decision.[6] This it did not do. The most flagrant departures from Title IX's requirements were the Council's refusal to allow Mr. Relosky to testify or present evidence, 53 P.S. § 10908(5), and its failure to render a written decision within forty-five

5. There was brief testimony by the Ingram Building Inspector at the October 12, 1982, hearing before Judge Zeleznik to the effect that the Borough did have a zoning hearing board, T.T. pgs. 45–46, but this testimony was not elaborated upon and appellees have not expressly argued anywhere in their brief that the Borough had a zoning hearing board. Since appellees would doubtless have pressed this position if it were so, we must assume for purposes of this appeal that Ingram Borough did not have a zoning hearing board and that individuals who were adversely affected by the Building Inspector's decisions were customarily advised to proceed to the Borough Council.

6. In our analysis it was unnecessary to reach the question as to whether or not the borough council was empowered to sit as a *de facto* zoning board. In response, however, to the opinion expressed by Mr. Justice Zappala in his concurrence as to this subject, we cannot agree. The reasoning of the concurring opinion is in our judgment based upon a faulty syllogism. Rather than citing a legislative provision expressly articulating such a prohibition, the argument rests upon the fact that section 903, 53 P.S. § 10903, provides that where there is in fact a zoning board the members thereof may not hold any other municipal office. It clearly does not follow that the prohibition of section 903 prohibits the members of the governing body of the municipality, who are charged with the authority to enact zoning laws, 53 P.S. § 10601, to create planning commissions, 53 P.S. § 10201, to create zoning boards, 53 P.S. § 10901, and to appoint the members of that board, 53 P.S. § 10913, would be powerless to act as a zoning board in the absence of such a body within the municipality.

Whether or not the borough had the power to act as a *de facto* zoning board, its actions in that capacity would nevertheless have no vitality where the rules of procedure described for that body were flagrantly ignored, as was the case in this appeal.

days, 53 P.S. § 10908(9). Section 908(9) mandates the penalty for failure to render a written decision within forty-five days, which is that the decision shall be deemed to have been rendered in favor of the applicant, unless the applicant has agreed in writing to an extension of time. There is no evidence in the record or any allegation that appellants agreed to such an extension.

We note that appellants apparently did receive oral notification of the denial of their application at the Council meeting; however, this does not comply with the statutory requirement of *written* notice. This Court has previously held that the procedural provisions of zoning statutes must be rigidly adhered to. *Blank v. Board of Adjustment*, 390 Pa. 636, 136 A.2d 695 (1957). In addition, the language of Section 908(9) explicitly directs a zoning board to render a *written* decision, and in the absence of any ambiguity surrounding the words of the statute a literal interpretation is correct. *See* 1 Pa.C.S. § 1921(b).[7]

We conclude that due to appellees' failure to follow the procedures of Title IX of the Municipalities Planning Code, particularly their failure to render a written decision within forty-five days, appellants established their clear legal right to occupancy permits. Pursuant to the language of Section 908(9), because appellees failed to render a written decision within the requisite time period, the decision was automatically deemed to be in appellants' favor. The issuance of the occupancy permits was therefore a mandatory duty on the

7. The Commonwealth Court has construed Section 10908(9) in the same manner. In *Quality Food Markets, Inc. v. Zoning Hearing Board,* 50 Pa.Commwlth. 569, 413 A.2d 1168 (1980), the court held that an *oral* communication of a zoning board decision would not satisfy the statute's requirement of a *written* decision.

We further point out that if the Ingram Borough Council had complied with the requirement of rendering a written decision, the controversy which existed at one point between the parties as to whether the Council had actually denied the appellants' application or had simply refused to act upon it due to a lack of jurisdiction would have been avoided because there would have been a written record of the council's action. In addition, a written decision, containing the requisite findings of fact and supporting reasons, would obviously facilitate review.

part of Ingram Borough, and appellants established their corresponding entitlement to mandamus. The Court of Common Pleas accordingly did not abuse its discretion in issuing the writ of mandamus.

In conclusion we state that the Municipalities Planning Code provides a thorough and extensive system of review for those citizens aggrieved by zoning decisions. Municipalities cannot bypass that system by simply failing to create zoning hearing boards. Individuals who are adversely affected by zoning officers' decisions must be able to obtain the type of hearing on their grievance, with the full panoply of procedural safeguards, envisioned by the Code. Provisions which restrict the alienation of property should be strictly construed. *See Commonwealth, Department of Labor and Industry v. Lombardo*, 356 Pa. 597, 52 A.2d 657 (1947).

For the foregoing reasons, the order of Commonwealth Court is hereby reversed, and the order of the Court of Common Pleas of Allegheny County is affirmed.

ZAPPALA, J., filed a concurring opinion in which HUTCHINSON, J., joins.

PAPADAKOS, J., did not participate in the consideration or decision of this case.

ZAPPALA, Justice, concurring.

While I concur in the result reached by the majority, I am compelled to write separately to correct an obvious error in the majority's analysis. Section 903 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805 et seq. as amended, 53 P.S. § 10101 et seq. ("Code"), specifically sets forth that, "[m]embers of the (zoning) board shall hold no other office in the municipality, except that no more than one member of the board may also be a member of the planning commission." 53 P.S. § 10903. Since a zoning board member cannot hold any other municipal office, the members of the Ingram Borough Council could not act as a zoning hearing board.

Since the Borough of Ingram adopted a zoning ordinance and apparently created the position of building inspector and zoning officer, it is untenable that the Borough would not have created a zoning board to review the decisions of the building inspector/zoning officer. Section 909 of the Code provides that the board shall hear appeals from determinations of the zoning officer. More importantly, § 909 contains the following provision:

Nothing contained herein shall be construed to deny the appellant the right to proceed directly in court, where appropriate, pursuant to Pa.R.C.P., sections 1091 to 1098 relating to mandamus.

53 P.S. § 10909. (Footnote omitted).

As the majority correctly states, mandamus is an extraordinary action requesting performance of a ministerial act or mandatory duty where a clear legal right and duty exists and where there exists a lack of any other adequate remedy. *Delaware River Port Authority v. Thornburgh*, 508 Pa. 11, 493 A.2d 1351 (1985) and *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985). In this situation where the Borough failed to create the mechanism for reviewing the building inspector/zoning officer's decision, § 909 permitted direct appeal to the Court of Common Pleas if a mandamus action would lie. Since the Borough failed to create a zoning board as required by § 901 of the Code, there existed no other adequate remedy for relief. Furthermore, as the trial court specifically held, the Appellants' existing use constituted a legal non-conforming use, obviating a need to strictly comply with the appropriate lot area provisions of the Borough's zoning ordinance. Thus, the zoning officer clearly acted improperly in denying the Appellants an occupancy permit. Because the Borough acted improperly in failing to create a zoning board, the Court of Common Pleas had jurisdiction to hear the mandamus action under § 909. Furthermore, the record supports the trial court's action in issuing the writ of mandamus, requiring the issuance of the occupancy permit. Based upon this reasoning, I would reverse the Commonwealth

Court and affirm the Court of Common Pleas of Allegheny County.

HUTCHINSON, J., joins in this concurring opinion.