## Skok and Thurner *v.* Hoch.

Argued September 7, 1971, before President Judge BOWMAN and Judges CRUMLSH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Peter Krehel* for plaintiffs.

*Salvatore Cucinotta,* Deputy Attorney General, with him *Edgar R. Casper,* Deputy Attorney General, *Edward Weintraub,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for defendant.

OPINION BY JUDGE CRUMLISH, JR., December 17, 1971:

Plaintiffs matriculated at Bloomsburg State College and were dismissed. Seeking to remedy the alleged injustice, they erroneously filed a Complaint in Mandamus naming the Vice President and Dean as a party defendant.

Lest plaintiffs are unmindful of hornbook law, we repeat: " 'Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. Borough of Easton v. Lehigh Water, 97 Pa. 554, 560; Goodman v. Meade, 162 Pa. Superior Ct. 587, 60 A. 2d 577.' Travis v. Teter, 370 Pa. 326, 330, 87 A. 2d 177 (1952) (emphasis in original)." *City of Williamsport v. Department of Agriculture,* 1 Pa. Commonwealth Ct.

332, 334 (1971). Plaintiffs herein have failed to allege a "clear legal right" with a "corresponding duty" owed them by this defendant.

Mandamus actions are those brought against public officials and usually rest upon the failure of the official to perform a statutorily mandated duty. *Veratti v. Ridley Township,* 416 Pa. 242, 206 A. 2d 13 (1965). The plaintiffs, in their complaint, have not alleged that there is such a statutorily created duty imposed on the defendant, as a public official (if indeed he is one) to submit to their demand. Nor does the pertinent statute, The Public School Code, Act of March 10, 1949, P. L. 30, Article XX, 24 P.S. 20-2004.1(3), create such a duty. Although the Public School Code requires the defendant to promulgate academic rules, obviously for the purpose of promoting orderly administration, it does not with specificity put the Legislature in the profession of operating education. Therefore, the Public School Code does not provide plaintiffs with any "clear legal right" to have a particular rule enforced by the administrator.

On rare occasions, the rights and duties created under contract have been adjudicated by mandamus. But those rights must be spelled out and not be the subject of judicial speculation. *Boslover A.A.B. Association v. Philadelphia Redevelopment Authority,* 425 Pa. 535, 229 A. 2d 906 (1967). Even assuming that they are advancing this theory, plaintiffs have not alleged that defendant owes them a legally enforceable contractual duty which defendant must recognize and grant plaintiffs the relief they seek. If the relationship between the parties herein is indeed considered contractual, clearly it is a unique one. It cannot be said that there exists a clear, explicit contract. To the contrary, academic administration-student contractual agreements embody numerous express and implied agreements, many of which are subject to unilateral

alteration or revocation. Plaintiffs acknowledge in their Complaint the academic rules relating to dismissal from the institution are not specifically delineated in any one contractual document. The most that can be said for these rules upon which plaintiffs rely is that they are ambiguous. Ambiguity removes them from the mandamus scene. *Boslover, supra.*

Since plaintiffs have failed to allege a legal duty owed them by this defendant, the preliminary objections in the nature of a demurrer must be sustained. Accordingly, we issue the following

### ORDER

AND NOW, this 17th day of December, 1971, the preliminary objections of John A. Hoch are sustained.

---

DISSENTING OPINION BY JUDGE MANDERINO:

I dissent. The plaintiffs' complaint alleges that they were dismissed for academic reasons under rules promulgated in a "student handbook". The Complaint further states that the "student handbook" was *never* properly adopted by the necessary academic officials of Bloomsburg State College. If the plaintiffs are correct in this allegation, their dismissal took place under nonexistent rules. The mere printing of a student handbook by "someone" does not constitute a valid and binding rule any more than the printing of a "legislative act" would be binding by its mere printing if the "legislative act" were never properly adopted.

The plaintiffs have further alleged that there are in existence duly adopted academic regulations which they did not violate and which entitle them to continue their academic studies. In considering preliminary objections we must assume the truth of the plaintiffs' allegations and if we do they were not properly dismissed for academic deficiencies.

The majority opinion concedes that the Public School Code requires the defendant to promulgate academic

rules. Since the plaintiff alleges that the student handbook was never properly promulgated or adopted, the handbook cannot be used as any controlling academic standard. Academic institutions, no less than any other corporate bodies, are bound to follow legal requirements in the methods and manner by which proper decisions are made by proper officials.

It may be that the defendants can establish that the student handbook was properly adopted by officials who were authorized to do so. We cannot assume this, however, until after the defendants file an answer and a trial on the issue of facts is held. There is no rule that mandamus is limited to cases in which there are no issues of fact. The issues of fact must first be resolved. Following such resolution the law is applied to the "found facts" in order to determine whether the plaintiffs have a "clear, legal right". The preliminary objections should be dismissed and the defendant directed to file an answer to the complaint.