## Porter *v.* Bloomsburg State College, et al.

Argued January 4, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Deake G. Porter,* for himself as plaintiff.

*Barry A. Roth,* Deputy Attorney General, with him *J. Shane Creamer,* Attorney General, for defendants.

OPINION PER CURIAM, March 2, 1972:

This case involves a complaint in mandamus instituted by plaintiff seeking a rule requiring the appropriate official of Bloomsburg State College to reinstate plaintiff to a position as Associate Professor of Economics. Plaintiff further seeks a rule in mandamus requiring the State Secretary of Education to recommend removal of several high officials in the administration of Bloomsburg State College or alternatively, that the General Counsel to the Department of Education be compelled to investigate plaintiff's allegations as to violations of law by those same high officials.[1]

The essence of plaintiff's complaint is that his suspension was improper in that the rules of procedure promulgated by the administration of Bloomsburg State College were not followed. He also alleges fraud and deceit on the part of the School administration in the conduct of these proceedings.

The Commonwealth of Pennsylvania, representing the defendants, have submitted preliminary objections on the grounds that mandamus is improper in this instance and that Bloomsburg State College, as an administrative instrumentality of the State is immune from suit. The plaintiff, alleging procedural irregulari-

---

[1] The officials which plaintiff seeks to have dismissed are Robert J. Nossen, President of the College; Gerald Strauss, Chairman of the Faculty Committee on Professional Affairs; and William Williams, General Counsel to the Department of Education.

ties, has submitted preliminary objections to defendant's preliminary objections and has also submitted a motion for summary judgment.

The important incidents in the history of this case involve a termination of employment in October of 1969, reappointment subject to conditions and subsequent dismissal of plaintiff as an associate professor at Bloomsburg. Plaintiff alleges, *inter alia,* that he was not afforded notice of the proceedings that led to these actions and therefore was not able to present his case.

It is important to note at the outset that although plaintiff has never been granted continuous employment (tenure), the proceedings in which he was involved were conducted according to the procedure outlined for terminating those in continuous employment. He was given a hearing before an administrative board (See p. 2 of plaintiff's exhibit "C"), was afforded hearings before the Committee on Professional Affairs (plaintiff's exhibit C), was given reasons for his termination and notice of his conditional reappointment (exhibits D, F), and also was given notice of his failure to meet the conditions and the institution of hearings on the matter (exhibits K, N, Q, R).

Furthermore, we are of the view that mandamus is improper in this instance. Plaintiff has not shown "a clear legal right with a corresponding duty owed". *See Skok and Thurner v. Hoch,* 3 Pa. Commonwealth Ct. 640 (1971).

For the reasons set out and on the basis of *Skok, supra,* we issue the following

### ORDER

AND Now, this 2nd day of March, 1972, the Preliminary Objections submitted by the Commonwealth are sustained and the action is dismissed; the Preliminary Objections to defendant's preliminary objections submitted by plaintiff are denied; plaintiff's motion for

summary judgment is denied; plaintiff's motion to strike defendants' brief in support of their demurrer is denied; and plaintiff's motion to strike defendants' answer to plaintiff's preliminary objections is denied.