5 Pa. Commonwealth Ct. 105 (1972)
Venneri, et al.
v.
County of Allegheny, et al.
Appeal, No. 787 C.D. 1971.
Commonwealth Court of Pennsylvania.
Argued February 23, 1972.
April 4, 1972.
*106 Argued February 23, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.
Thomas H.M. Hough, Assistant County Solicitor, with him John Hickton, Assistant County Solicitor, and Maurice Louik, County Solicitor, for appellants.
Ronald P. Koerner, with him Gatz, Cohen, Segal & Koerner, for appellees.
*107 Francis A. Zulli, Assistant Attorney General, with him James F. Wildeman, Assistant Attorney General, and Shirley Rae Don, Assistant Attorney General, for Amicus Curiae.
OPINION BY JUDGE CRUMLISH, JR., April 4, 1972:
Appellees, deputy sheriffs of Allegheny County, (Sheriffs) have requested the County to enter collective bargaining pursuant to the Act of June 24, 1968, P.L. (Act No. 111), 43 P.S. § 217.1, et seq. (Act 111), which provides for compulsory and binding arbitration for disputes which occur between police and fire employees of a political subdivision and their public employer. The County Commissioners (Commissioners), appellants herein, refused to enter negotiations under Act 111, it being their position that deputy sheriffs are covered by the General Public Employee Relations Act of 1970, Act of July 23, 1970, P.L., (Act No. 195), 43 P.S. § 1101.101, et seq. (Act 195), instead of Act 111.
Sheriffs filed a Complaint in Mandamus in the Court of Common Pleas of Allegheny County in which it is sought by summary judgment to order the County to arbitrate under Act 111. Eugene Coon, County Sheriff and a named defendant, filed an answer admitting that his deputies are policemen within the meaning of Act 111. Commissioners, however, filed preliminary objections which specifically asserted that sheriffs are not policemen under Act 111. After oral argument on the objections, the court below overruled them and issued an order granting the relief sought. This appeal followed.
Commissioners contend that the court below committed two errors of law: (1) that the initial determination of whether sheriffs are under Act 111 or Act 195 is within the exclusive jurisdiction of the Pennsylvania Labor Relations Board, and (2) that sheriffs are not *108 policemen under Act 111. While we agree with the court below that it did have jurisdiction to dispose of the complaint in mandamus, we find the question of the applicability of Act 111 to sheriffs to be a factual question necessitating the remand of this matter for the development of an evidentiary record.
The deputy sheriffs filed this mandamus action to enforce their rights under Act 111. If indeed they are policemen within the meaning of that Act, the county would be subject to the duties to bargain collectively and submit any dispute to arbitration if an impasse is reached. Mandamus lies where a clear legal right exists in plaintiff, where a corresponding duty exists in the defendant and where there is a want of any other appropriate and adequate remedy. Skok and Thurner v. Hoch, 3 Pa. Commonwealth Ct. 640, 641-42 (1971). It is for the court of first instance to determine whether plaintiffs are of the class to whom the alleged duty is owed. It would neither be appropriate or necessary for them to first seek a negative finding by the Labor Relations Board as to their status under other legislation.
Since Act 111 does not define the term, the opinion of the court below contains a substantial dissertation on the meaning of "policemen." The definition of this term was indeed a legal question to be resolved by that court. However, the application of that definition to the deputy sheriffs of Allegheny County must be based upon factual findings. It is elementary that specific activities of particular workers must form the bases for an adequate defensible legal conclusion. Clearly, deputy sheriffs in Allegheny County may be policemen under Act 111 while those in Philadelphia County may not.
Obviously, the court below granted summary judgment pursuant to Pa. R.C.P. No. 1098, which provides for the entering of summary judgment in mandamus proceedings, after the filing of the complaint, ". . . if *109 the right of the plaintiff thereto is clear. . . ." The right of this plaintiff to the relief sought, though, only became clear when the court resolved the factual dispute over the applicability of Act 111 by taking judicial notice of the role of deputy sheriffs in Allegheny County. This was error.
Summary judgment may only be granted under Rule 1098 when the material facts are uncontroverted. See Monessen v. Belmar Land Dev. Co., Inc., 2 Pa. Commonwealth Ct. 484, A. 2d (1971). Where factual issues are in dispute, their resolution must be based upon an evidentiary record. To permit otherwise would eliminate any effective appellate review.[1] The doctrine of judicial notice does not permit the court to presume a record favorable to either side, thereby obviating the opportunity of the opposition to make of record contradictory or impeaching testimony.[2]
Under the circumstances present herein, we hold that the court below erred in granting summary judgment. The court is directed to grant appellants, the County Commissioners, leave to answer the complaint, and thereafter to take the appropriate course to determine upon an adequate record the factual question herein involved.[3] Accordingly, we issue the following

*110 ORDER
AND NOW, this 4th day of April, 1972, the order of the Court of Common Pleas of Allegheny County is hereby vacated; the matter is remanded to the Court of Common Pleas of Allegheny County for further proceedings consistent with this opinion.
NOTES
[1] See discussion on appellate review of zoning appeals where the findings of fact are not specifically stated. Mill-Bridge Realty Inc. v. Zon. Bd. of Adj., 4 Pa. Commonwealth Ct. 157, 161-62, A. 2d (1972).
[2] In the instant case, summary judgment was granted without even permitting the defendants to file an answer. While Rule 1098 does not require that an answer be filed before granting relief, where as here, the Court is aware that it faces the probability of contested factual averments, the granting of judgment prior to the answer, in and of itself constitutes an abuse of the Court's discretionary powers.
[3] In its reconsideration of the matter, the court below should consider the application of City of Lebanon v. Lebanon Lodge, Fraternal Order of Police, 5 Commonwealth Ct. 56, A. 2d (filed March 28th, 1972), wherein we held that the proper relief in a mandamus action to compel arbitration, where the impasse was the result of a refusal to commence collective bargaining, is an order to compel negotiation.