## Thompson v. Southeast Delco School District

*Michael A. Paul*, for plaintiff.
*Peter J. Nolan*, for defendant.

TOAL, *J.*, July 17, 1975—By way of background, plaintiff was a clerical employe of defendant and was discharged by defendant on July 8, 1974. Plaintiff requested a hearing under the Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §§11301, et seq., but said request was not granted. Thereafter, on August 1, 1974, plaintiff filed a complaint against defendant with the Pennsylvania Labor Relations Board. In October of 1974, plaintiff filed a complaint in mandamus, and

defendant filed preliminary objections asserting that plaintiff had an adequate remedy at law and that plaintiff had elected her remedy by choosing to pursue her claim with the Labor Relations Board. Plaintiff later filed a motion for summary judgment in the mandamus action. The preliminary objections of defendant to the complaint in mandamus and plaintiff's motion for summary judgment on the mandamus action are now before the court for disposition.

The complaint in mandamus requests that this court order defendant school district to hold a proper hearing for plaintiff, who was discharged as an employe by defendant.

It must first be noted that mandamus is an action at law and there is, therefore, no preliminary objection to a mandamus action on the ground that there is an adequate remedy at law. The objection should be that plaintiff has another adequate remedy at law. On the merits, plaintiff is simply seeking her right to a hearing under the Local Agency Law and not seeking, by the mandamus action, to compel the school district to reinstate her. Defendant, apparently, confuses this position when it argues that plaintiff is seeking to accomplish by mandamus the same relief plaintiff is trying to accomplish by her complaint to the Labor Relations Board. We believe that the mandamus action is the only adequate remedy at law available to plaintiff in this situation. We, therefore, conclude that defendant's preliminary objections are improper and unfounded.

We next consider plaintiff's motion for summary judgment. It is clear that a summary judgment will be entered in a mandamus proceeding only in clear cases, where there is no actual dispute: Venneri, et al v. County of Allegheny, 5 Pa. Commonwealth Ct. 105, 109, 289 A. 2d 523 (1972). Although plaintiff

complains that she had no proper hearing, it is the contention of defendant that plaintiff did have such a hearing. We believe that this is an unresolved factual dispute and, therefore, conclude that plaintiff's motion for summary judgment must also be dismissed.

### ORDER

And now, July 17, 1975, it is ordered and decreed that briefs having been submitted and argument heard by the court en banc, defendant's preliminary objections to plaintiff's complaint in mandamus are hereby dismissed and defendant is given 30 days in which to respond to plaintiff's complaint.

It is further ordered and decreed that plaintiff's motion for summary judgment is hereby dismissed.