Fraternal Order of Police, Conference of Pennsylvania Liquor Control Board Lodges, by James J. Lynch, President, and Norman F. Foran, Secretary, Trustees ad litem, Plaintiff *v.* The Honorable Milton J. Shapp, Governor of the Commonwealth of Pennsylvania, The Honorable Frank S. Beal, Secretary of Administration, Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, and the Commonwealth of Pennsylvania, Defendants.

Argued September 8, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Anthony P. Moses,* for plaintiff.

*Miles J. Gibbons, Jr.,* for defendants.

OPINION BY JUDGE BLATT, December 9, 1975:

On May 3, 1971 the Fraternal Order of Police, Conference of Pennsylvania Liquor Control Board Lodges (FOP), the plaintiff herein, filed a representation petition before the Pennsylvania Labor Relations Board (PLRB) seeking certification as the exclusive bargaining representative of enforcement officers of the Pennsylvania Liquor Control Board pursuant to the Public Em-

ploye Relations Act,[1] 43 P.S. §1101.101 et seq. (Act 195). On December 15, 1971 the PLRB certified the plaintiff as requested, and thereafter the plaintiff entered into two successive bargaining agreements with the employer, the Commonwealth of Pennsylvania; the first for the term June 23, 1972 to June 30, 1973, and the second for the term July 1, 1973 to June 30, 1975. Then, on November 19, 1974 the plaintiff notified the Commonwealth and the other defendants herein of its intention to pursue collective bargaining with the defendants pursuant to Act 111[2] which accords separate collective bargaining rights to policemen and firemen. The defendants, however, refused to bargain with the plaintiff pursuant to Act 111 because of the outstanding certification of that group as the exclusive bargaining representative of its members under Act 195. As a result of this refusal and in spite of the prior certification, the plaintiff filed this action in mandamus to compel the defendants to bargain pursuant to Act 111. After answering the complaint and asserting new matter to which the plaintiff replied, the defendants have filed a motion for judgment on the pleadings. It is this motion which is now before us.

It is well established that "[m]andamus lies where a clear legal right exists in plaintiff, where a corresponding duty exists in the defendant and where there is want of any other appropriate and adequate remedy. Skock and Thurner v. Hoch, 3 Pa. Commonwealth Ct. 640, 641-42 (1971)." *Venneri v. County of Allegheny,* 5 Pa. Commonwealth Ct. 105, 108, 289 A.2d 523, 524 (1972). And in such cases judgment on the pleadings may be granted only where the material facts of the case are uncontroverted. *Pennsylvania Gas and Water Company v. Kassab,* 14 Pa. Commonwealth Ct. 564, 322 A.2d 775 (1974). We turn, therefore, to the facts of this case and the obligations of the parties which arise thereunder.

---

1.   Act of July 23, 1970, P. L. 563, *as amended.*

2.   Act of June 24, 1968, P. L. 237, 43 P. S. §217.1 et seq.

The plaintiff here alleges and seeks to establish through evidentiary proceedings in an action in mandamus, that the enforcement officers whom it represents are policemen entitled to bargain under Act 111. It relies upon our decision in *Venneri v. County of Allegheny, supra,* in which we held that an action in mandamus was a proper method to determine in the first instance whether or not deputy sheriffs of Allegheny County were policemen under Act 111 thereby avoiding the necessity of any prior action before the PLRB to determine that they were not public employees under Act 195. *See also Hartshorn v. Allegheny County,* 9 Pa. Commonwealth Ct. 132, 304 A.2d 716 (1973). Bargaining rights under Act 195 and Act 111 are, of course, mutually exclusive and, therefore, some type of first instance determination of an employee's status is a necessary prerequisite to the initiation of bargaining procedures. In *Venneri* the first instance determination of the plaintiff's status was made by the action in mandamus. In this case the plaintiff's status as a bargaining representative has already been determined in a prior proceeding before the PLRB. The determination at that proceeding was that the plaintiff represented "public employees" and was, therefore, entitled to bargain under Act 195 which it proceeded to do. At the time of certification, however, the plaintiff attempted to reserve the right to seek a judicial determination as to whether or not its members were in fact policemen entitled to bargain under Act 111. It believed mandamus is the proper type of action by which to seek such a determination, and has filed the action now before this Court.

The defendants, on the other hand, argue that an action in mandamus is not the proper procedure and have, therefore, moved for judgment on the pleadings.

It is obvious that because bargaining rights under Act 195 and Act 111 are mutually exclusive a bargaining unit cannot bargain with its employer under both acts

simultaneously. Nor can a unit upon its own determination choose from year to year the act under which it would prefer to bargain. Such a practice would not allow for the regularity of process and regularity of result which the law so strongly favors. It is obvious, therefore, that the status of the employees here involved must be determined with procedural and legal certainty. In *Venneri* the certainty was provided by a direct determination of the status of the affected employees under Act 111. Here a determination of the employees' status under Act 195 has already been made by the PLRB, although the determination would not be res judicata as to whether or not the employees are policemen under Act 111 because of the reservation of the plaintiff. However, although not res judicata, the decision of the PLRB is not subject to review through an action in mandamus. *See Raffel v. Pittsburgh,* 340 Pa. 243, 16 A.2d 392 (1940) ; *see also Merchants' Warehouse Company v. Gelder,* 349 Pa. 1, 36 A.2d 444 (1944). At best, from the plaintiff's standpoint, the mandamus action here could create an anomalous legal result where the plaintiff is deemed by this Court as the representative of policemen under Act 111 and at the same time certified by the PLRB as the representative of public employees under Act 195. These potential results would, of course, obscure rather than clarify the bargaining rights and duties of the parties. Inasmuch as mandamus lies only where such rights and duties are clear, this action in mandamus is not proper. Moreover, the plaintiff has an adequate remedy available. First, it may seek de-certification as a bargaining representative under Act 195 thereby removing any outstanding obligations that it and its employer, a defendant here, may now be subjected to under Act 195. And then it may seek to bargain with the defendant pursuant to Act 111 and pursue any actions thereunder to determine the status of its members and to assert their rights.

272

Accordingly, we must grant the defendants' motion for judgment on the pleadings and issue the following

ORDER

AND, NOW, this 9th day of December, 1975, the motion for judgment on the pleadings of the defendants herein is hereby granted and the action of the Fraternal Order of Police, Conference of Pennsylvania Liquor Control Board of Lodges is dismissed without prejudice.