## Borough of Lansdale v. Election Board of Montgomery County

*A. Richard Gerber*, for plaintiff.

*Roger B. Reynolds* and *Joseph A. Smyth*, for defendant.

AVRIGIAN, *J.*, August 30, 1978—On May 4, 1978, plaintiff, Borough of Lansdale, filed a complaint in mandamus seeking to compel defendant, Election Board of Montgomery County, Pa., to place the following nonbinding advisory question on the ballot within the Borough of Lansdale for the primary election held on May 16, 1978: "Shall the Borough Council of Lansdale commence efforts to attempt to bring Cable Television to the Borough for the benefit of the people? As a matter of law, this referendum is not binding."

Immediately after the complaint was lodged, plaintiff filed a petition for peremptory judgment pursuant to Pa.R.C.P. 1098[1] relating to actions in

---

1. Pa.R.C.P. 1098 provides: "At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible."

mandamus. Argument on the petition was heard before this court on May 10, 1978, defendant having persisted in its refusal to place the question on the ballot. At the time of oral argument on the matter counsel agreed that the prayer of plaintiff's petition, even if it were granted, was as a practical matter incapable of fulfillment in sufficient time to affect the ballot for the primary election of May 16, 1978, due to the provisions of the Pennsylvania Election Code of June 3, 1937, P.L. 1333, art. X, sec. 1008, 25 P.S. §2968(a), relating to the deadline for preparation and inspection of ballot forms.[2] Accordingly, counsel stipulated, with leave of court, to orally amend the petition for peremptory judgment to request that the nonbinding advisory question be placed on the ballot for the next scheduled general election in the Borough of Lansdale, viz., November, 1978, or such subsequent general or primary election as will be held next following the date of the final judicial determination of the matter at bar.

The issue presented for determination at this juncture is a narrow and precise question of law, viz., may the County Board of Elections be compelled to place the indicated nonbinding advisory question on an election ballot? This is, of course, an issue of law which must be decided irrespective of the merits of the particular ballot question involved or of the subject which that question concerns.

Examination of the Pennsylvania Election Code reveals legislative silence on the subject of non-

---

2. 25 P.S. 2968(a) provides, in pertinent part: "(a) The county board of elections shall have on file in its office, on and after the Thursday preceding each primary and election, open to public inspection, forms of the ballots and ballot labels, . . . which shall be used in each election district within the county."

binding advisory questions. Cf. Act of June 3, 1937, P.L. 1333, 25 P.S. §2600 et seq. As a statutory matter, such questions are neither specifically authorized nor specifically prohibited from placement on election ballots by the county boards of elections.

Moreover, this court's scrutiny of Pennsylvania decisional law reveals a paucity of authority. No appellate case law precedent deals directly with the issue presented by the instant suit. In fact, the only reported opinion which is remotely apposite is a recent decision of the Lehigh County Court of Common Pleas: Trexler Lake Project Referendum, 4 D. & C. 3d 99 (1977). In the Trexler case petitioner, an association of citizens, sought to force a county board of elections to *remove* a nonbinding advisory question, regarding the building of a proposed dam, from the November, 1977 general election ballot. The Trexler court held simply that while the election code does not specifically *authorize* the presentation of a nonbinding advisory question, neither does it *preclude* such a question being placed on the ballot. In doing so, the court expressly rejected petitioner's reliance on the maxim of statutory construction "Expressio unius est exclusio alterius,"[3] since the election code is not a unified comprehensive enactment of the type to which that maxim may apply. Accordingly, the Lehigh County Court of Common Pleas denied the petition to remove the question: 4 D. & C. 3d at 104-105.

Unlike the Trexler case, the case at bar is presented in a posture in which the petitioner seeks to compel a county board of elections to act affirmatively to place a nonbinding advisory question on the ballot. Plaintiff has not provided, nor has this court disclosed, any specific authority pursuant to

which such an action is mandated. In the absence of positive and specific authority this court is unwilling to compel the placement of a nonbinding advisory question on an election ballot by the Montgomery County Board of Elections.

In order to prevail in an action of mandamus, a plaintiff must demonstrate an immediate, specific, well-defined and complete legal right of which it seeks enforcement, and a corresponding duty resting upon the defendant: Porter v. Bloomsburg State College, 450 Pa. 375, 377, 301 A. 2d 621 (1973), cert. denied, 414 U.S. 844 (1973); Cooper v. City of Greensburg, 26 Pa. Commonwealth Ct. 245, 363 A. 2d 813 (1976); Venneri v. County of Allegheny, 5 Pa. Commonwealth Ct. 105, 289 A. 2d 523 (1972). Mandamus is an extraordinary remedy and warrants invocation only in cases in which these elements are clearly apparent; it will not be granted in doubtful cases: Francis v. Corleto, 418 Pa. 417, 211 A. 2d 503 (1965); Commercial Properties, Inc. v. Peternel, 418 Pa. 304, 211 A. 2d 514 (1965); Zaccagnini v. Vandergrift Borough, 395 Pa. 285, 150 A. 2d 538 (1959). The instant case is scarcely one in which a clear duty to perform the act which plaintiff seeks to compel the performance of has been established.

While this court heartily concurs with the learned opinion of the Trexler court, that case does not control this decision due to distinguishable factual and procedural posture. Nevertheless, the result reached by this court is not inconsistent with Trexler which held that the ballot placement of nonbinding advisory questions is neither specifically authorized nor precluded. This court affirms that the practice of nonbinding advisory questions is not specifically authorized by the election code;

hence an order of mandamus to county board of elections is not warranted.

In our representative democracy, few freedoms are more highly cherished and zealously protected than the right of the citizenry to a free electoral process. The continued vitality of this institution must be assured and citizen participation therein must be fostered. This court is convinced that fair and appropriate nonbinding advisory ballot questions may be a valid means by which representative government may ascertain the sentiment of the people on issues which directly concern them. Nevertheless, our election code does not provide a process by which such questions may be presented to the electorate. Fundamental constitutional principles of separation of powers, as well as the inappropriateness of the mandamus remedy, demand that this court not effect what is tantamount to a statutory revision. Accordingly, legislative review and decision, and not untoward judicial intervention, is the indicated method of ameliorating the situation created by the statute considered.

This court holds that it is not empowered to grant the prayer of the petition presented. Adherence to well-settled principles of law demands that in the instant situation the court not compel defendant to perform a duty which is not imposed on it by statute or decision law.

---

3. Lit., "Expression of one thing is the exclusion of another." Cf., e.g., Fazio v. Pittsburgh Rys. Co., 321 Pa. 7, 11-12, 182 Atl. 696 (1936). The petitioner in Trexler maintained that since the election code omitted any reference to nonbinding advisory questions, they were, therefore, tacitly prohibited. This argument, while not expressly relied on by the instant petitioner, is likewise unavailing in the case at bar for the reason expressed by the Trexler court (above).

Therefore, the court enters the accompanying

ORDER

And now, August 30, 1978, upon consideration of the record, briefs of counsel and oral argument in the above-captioned matter, the petition of plaintiff, Borough of Lansdale, for peremptory judgment is hereby denied and the action in mandamus is hereby dismissed.