Nicholas Zeck et al., Appellants *v.* Robert L. Balsbaugh et al., Appellees.

Argued February 5, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Robert C. Rowe,* for appellants.

*David J. Brightbill, Siegrist, Koller, Brightbill & Long,* for appellees.

OPINION BY JUDGE DOYLE, May 11, 1982:

This is an appeal by the Board of Supervisors, Heidelberg Township (Board) from an order of the Court of Common Pleas of Lebanon County dismissing the Board's Motion to Open Peremptory Judgment. For the reasons which follow, we reverse and remand.

Following negotiations between the Board and the Heidelberg Township Police Department, a collective bargaining agreement was adopted by the Township and the officers of the township police department in January, 1981. Appellees, Robert L. Balsbaugh and Patrick J. Dostick, Jr. (Officers) are among the members of that department who executed the agreement. On February 10, 1981, the Officers were advised by the Board that, "due to fiscal and monetary policies," the township police department would be reduced to two members. These Officers are the least senior members of the department. Thus, pursuant to the provisions of The Police Tenure Act, Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §§811-815, this action by the Township resulted in Officers' discharge. Subsequently, the Officers brought an action in man-

damus against Board seeking reinstatement. On March 12, 1981 the court of common pleas entered a peremptory judgment, without notice, against the Board, ordering the reinstatement of the Officers. The Board filed a Motion to Open Peremptory Judgment which was denied by the court of common pleas on March 26, 1981. This appeal followed.

The Board contends that the lower court erred in dismissing the motion to open because (1) significant issues of fact remained unresolved, and (2) circumstances did not present sufficient exigency to support a judgment without prior notice.[1]

Pa. R.C.P. No. 1098 reads:

At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible.

The party who seeks the extraordinary relief provided by Pa. R.C.P. No. 1098 has a "heavy burden to prove to the court that their right to a summary judgment [is] clear and free from doubt." *Williams v. Rowe,* 3 Pa. Commonwealth Ct. 537, 545, 283 A.2d 881, 885 (1971). In the case at bar, this burden has not been satisfied. The Officers alleged that the collective bargaining agreement constituted an employment contract which created an enforceable expectation of continued employment for the term of the agreement (two years). If this assertion is valid, then the intent of the parties to the agreement must be evident. The lower court, in order to reach the conclusion that the

---

[1] Since we reverse the lower court's order based upon the Board's first objection we will not address this issue.

agreement was an employment contract for a term of two years, had to assume that the contract prevented *any* layoffs. The mere absence of a job security provision within the agreement, however, establishes sufficient doubt concerning the intent of the parties to preclude relief under Rule 1098. In addition, the Board's right to reduce the size of its police department, as provided by The Police Tenure Act, provides further doubt that summary judgment should have been granted.

Summary judgment shall not be granted when there are "disputed questions of fact which are material to the disposition of the case." *City of Greensburg v. Cooper,* 14 Pa. Commonwealth Ct. 419, 425, 322 A.2d 152, 155 (1974). While the effect of the agreement between officers and Board is a question of law to be resolved by the court, that determination can not be made without the prior resolution of factual disputes. *See Venneri v. County of Allegheny,* 5 Pa. Commonwealth Ct. 105, 289 A.2d 523 (1972). The Officers' right to relief pursuant to Rule 1098 became clear only after the lower court assumed the effect of the agreement, absent necessary findings of fact. This conduct by the court constitutes an abuse of its discretion to grant peremptory relief.

In concluding, we note that nothing in this opinion is to be taken as indicating any view of this court on the merits of the case.

Accordingly, we enter the following

### Order

Now, May 11, 1982, the order of the Court of Common Pleas of Lebanon County in the above captioned matter is hereby reversed and remanded to said court for further proceedings consistent with this opinion.

Judge Mencer did not participate in the decision in this case.