Fraternal Order of Police, Conference of Pennsylvania Liquor Control Board Lodges, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Commonwealth of Pennsylvania, Intervenor.

Argued November 16, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR. and MACPHAIL.

*P. Richard Wagner, Mancke & Lightman,* for petitioner.

*William J. Maikovich,* with him *James L. Crawford* and *Anthony C. Busillo,* for respondent.

*Robert J. Schwartz,* Assistant Counsel, for intervenor, Office of Budget and Administration, Bureau of Labor Relations.

OPINION BY JUDGE MACPHAIL, January 24, 1983:

The Fraternal Order of Police, Conference of Liquor Control Board Lodges (Petitioner) has brought this Petition for Review from a decision of the Pennsylvania Labor Relations Board (PLRB) dismissing a Petition for Investigation and Certification of Representatives (Certification Petition). Petitioners seek to acquire the status of bargaining representative for Liquor Control Board Enforcement Officers (LCB Enforcement Officers) pursuant to the provisions of the Act of June 24, 1968 (Act 111), P.L. 237, 43 P.S.

§§217.1-.10.[1] The sole basis for the dismissal of the Certification Petition, and the only question properly[2] before this Court for review, is whether the PLRB erred in finding[3] that LCB Enforcement Officers are not "police" for purposes of Act 111.

The term "policemen" is not defined by Act 111. Under Section 1903(a) of the Statutory Construction Act, 1 Pa. C. S. §1903(a), the word must therefore be construed according to its common and approved usage. Our Supreme Court, in *Pennsylvania Relations Commission v. Beaver Falls City Council*, 469 Pa. 522, 366 A.2d 911 (1976) has outlined the common meaning of policeman. That Court, quoting from Judge ROGERS' Commonwealth Court opinion, indicated that "the title of policeman [may] be properly applied to one who performs services critical to public safety in the investigation and detection of serious crimes—a person trained, equipped (with . . . gun, handcuffs, badge of office and motor vehicles) and actually engaged in the detection of persons suspected of crime." 469 Pa. at 527, 366 A.2d at 914 *(quoting Beaver Falls City Council v. Pennsylvania Human Relations Commission*, 17 Pa. Commonwealth Ct. 31, 33, 330 A.2d 581, 583 (1975)). The Supreme Court also noted that "a policeman's duty is the enforcement of *all laws* whose

---

[1] Petitioner presently acts as bargaining representative for the Enforcement Officers pursuant to the Act of July 23, 1970 (PERA), P.L. 563, *as amended*, 43 P.S. §§1101.101-.2301.

[2] Petitioner has raised a number of issues concerning the propriety of the Certification Petition. These issues were initially raised by the Commonwealth of Pennsylvania (Intervenor in this action) in its Motion to Dismiss before the PLRB. The PLRB did not rule on any of these issues nor has the Commonwealth filed a cross-appeal, thus these issues are not presently before our Court.

[3] The issue of whether a group should be considered "police" under Act 111 depends upon the particular factual posture of the case. *Commonwealth v. Pennsylvania Labor Relations Board*, 64 Pa. Commonwealth Ct. 531, 441 A.2d 470 (1982).

violation affects the peace and good order of the Community." 469 Pa. at 528, 366 A.2d at 914 *(quoting McNitt v. Philadelphia,* 325 Pa. 73, 189 A. 300 (1937)). Such a definition corresponds with this Court's prior treatment of the term "police" under Act 111. *See Venneri v. County of Allegheny,* 12 Pa. Commonwealth Ct. 517, 316 A.2d 120 (1974); *County of Allegheny v. Hartshorn,* 9 Pa. Commonwealth Ct. 132, 304 A.2d 716 (1973) *aff'd,* 460 Pa. 560, 333 A.2d 914 (1975).

In the recent case of *Commonwealth v. Pennsylvania Labor Relations Board,* 64 Pa. Commonwealth Ct. 525, 441 A.2d 470 (1982) we again had reason to examine the issue of who are "police" under Act 111. We there indicated that our primary focus would be upon the statutorily authorized powers of the group in question, in order to ascertain the legislative intent regarding police powers. 64 Pa. Commonwealth Ct. at 531, 441 A.2d at 474. The statutory authorization for LCB Enforcement Officers is found at Section 209 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §2-209. That section states:

> Such employes of the board as are designated "enforcement officers" or "investigators" are hereby declared to be peace officers and are hereby given police power and authority throughout the Commonwealth to arrest on view, except in private homes, without warrant, any person actually engaged in the unlawful sale, importation, manufacture or transportation, or having unlawful possession of liquor, alcohol or malt or brewed beverages, contrary to the provisions of this act or any other law of this Commonwealth. Such officers and investigators shall have power and authority, upon reasonable and probable cause, to search for and to seize without warrant or process, except in private homes, any liquor, alcohol and malt

or brewed beverages unlawfully possessed, manufactured, sold, imported or transported, and any stills, equipment materials, utensils, vehicles, boats, vessels, animals, aircraft, or any of them, which are or have been used in the unlawful manufacture, sale, importation or transportation of the same. Such liquor, alcohol, malt or brewed beverages, stills, equipment, materials, utensils, vehicles, boats, vessels, animals or aircraft so seized shall be disposed of as hereinafter provided.

Two matters crucial to the determination of whether LCB Enforcement Officers are "police" for purpose of Act 111 are readily apparent from a reading of this section. First of all, the LCB Enforcement Officers are specifically vested with police powers and duties. *Venneri*, 12 Pa. Commonwealth Ct. at 527, 316 A.2d at 125. Secondly, and we believe more importantly, however, LCB Enforcement Officers are only empowered to enforce the limited area of Pennsylvania liquor laws. Their powers and duties *do not* extend to enforcement of *all* the laws of the Commonwealth. *Pennsylvania Human Relations Commission*, 469 Pa. at 528, 366 A.2d at 914. *See Venneri* (Deputy Sheriffs, while peace officers with certain police duties, were not by law required to perform criminal investigations and thus were not "police" for purposes of Act 111). We therefore agree with the PLRB that, in light of the statutorily limited powers of LCB Enforcement Officers, such persons are not "police" for purposes of Act 111.

We affirm.

### ORDER

The order of the Pennsylvania Labor Relations Board, Case No. PF-R-80-102-C, dated July 7, 1981, is hereby affirmed.