**FRATERNAL ORDER OF POLICE, CONFERENCE OF PENNSYLVANIA LIQUOR CONTROL BOARD LODGES, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 10, 2000.

Decided May 9, 2000.

Notes of Testimony, January 20, 1999, at 29–

Anthony M. Caputo, Harrisburg, for petitioner.

Jack E. Marino, Harrisburg, for respondent.

Before FRIEDMAN, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

30; R.R. at 67a–68a.

FRIEDMAN, Judge.

The Fraternal Order of Police, Conference of Pennsylvania Liquor Control Board Lodges (FOP), appeals from an order of the Pennsylvania Labor Relations Board (PLRB) making absolute and final the PLRB Secretary's decision not to charge the Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) with unfair labor practices. We affirm.

Sometime after December 9, 1998, the Bureau issued a new written policy governing the use of State vehicles assigned to Liquor Law Enforcement Officers (Liquor Law Officer). (Complaint, para. 5; R.R. at 4a.) The policy stated, in pertinent part, as follows:

2. Generally ... it is the policy of this Bureau that:

a. State automobiles shall be operated *only* for the conduct of Commonwealth business.

b. State automobiles are permanently assigned to enforcement officers and members on the basis that they are subject to be called to duty during their off duty time and/or are expected ...[to] travel between their residences and duty locations other than their official headquarters (District Enforcement Offices).

c. State automobiles shall never be assigned or otherwise provided to personnel for the sole purpose of affording them with means of transportation between their residence and their official headquarters.

3. The use of an assigned state automobile by an enforcement officer or member may be further restricted as deemed appropriate by the Bureau Director when certain conditions exist. Such conditions include but are not limited to the following:

a. When an individual has been involved in multiple at fault accidents while off duty and driving a state assigned vehicle.

b. When it has been determined that an individual has abused the use of his or her assigned automobile by such conduct as:

(1) Transportation of unauthorized persons.

(2) Using automobile in the unauthorized conduct of personal business.

(3) Failure to exercise proper care and maintenance of assigned automobile.

c. When it is determined that an individual is limited in his or her ability to safely drive a motor vehicle at all times.

d. When an individual is for any reason restricted to office duties at their official headquarters and is not expected to be called to work or otherwise conduct Commonwealth business outside of his or her assigned workshifts.

(R.R. at 9a–10a.)

On March 2, 1999, the FOP filed a Charge of Unfair Practices with the PLRB, asserting that the Bureau's new policy involved terms and conditions of employment so that the Bureau's implementation of that policy without bargaining violated section 1201(a)(5) of the Public Employe Relations Act (Act 195).[1] (Com-

---

1. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. § 1101.1201(a)(5). Section 1201(a)(5) of Act 195 states that public employers are prohibited from refusing to bargain collectively in good faith with an employee representative which is the exclusive representative of employees in an appropriate unit. Section 701 of Act 195 states that public employers have an obligation to bargain with the representatives of public employees with respect to "wages, hours and other terms and conditions of employment...." 43 P.S. § 1101.701.

We note that the FOP also alleged in its complaint that the Bureau violated sections 1201(a)(1), 1201(a)(3) and 1201(a)(9) of Act 195, 43 P.S. §§ 1101.1201(a)(1), 1101.1201(a)(3) and 1101.1201(a)(9). However, the PLRB disposed of those issues in its April 15, 1999 decision, and the FOP filed no exceptions pertaining to those matters.

plaint, paras. 7–10; R.R. at 4a–5a.) On April 15, 1999, the PLRB Secretary issued a decision in response to the FOP's Charge of Unfair Practices. The Secretary indicated that the PLRB would not issue a complaint against the Bureau, explaining, in part, that the Bureau's new vehicle policy fell within the realm of managerial prerogative and, therefore, was not negotiable. (R.R. at 12a–14a.)

The FOP filed exceptions to the Secretary's decision, claiming that the Secretary erred in concluding that the new vehicle policy fell within the realm of managerial prerogative.[2] The FOP argued that the new policy affected working conditions and, therefore, was a mandatory subject of bargaining. (R.R. at 16a–18a.) On July 27, 1999, the PLRB issued a final order, dismissing the FOP's exceptions and making the Secretary's decision absolute and final.

■ On appeal to this court,[3] the FOP argues that the Bureau's new written policy governing the use of State vehicles assigned to Liquor Law Officers is a manda-

tory subject of bargaining pursuant to *Plumstead Township v. Pennsylvania Labor Relations Board*, 713 A.2d 730 (Pa. Cmwlth.1998). We disagree.

■ In *Plumstead Township*, this court addressed whether the township had an obligation to bargain with the police officers' union before discontinuing the police officers' vehicle take-home policy. Because the case involved police officers, the outcome was controlled by the Act commonly referred to as Act 111.[4] However, the Liquor Law Officers here are *not* police officers for purposes of collective bargaining, and Act 111 does *not* apply to them. Rather, Liquor Law Officers are civilian enforcement agents subject to Act 195.[5] Thus, contrary to the argument presented by the FOP, *Plumstead Township* is not dispositive in this case.

Accordingly, we affirm.[6]

## O R D E R

AND NOW, this 9th day of May, 2000, the order of the Pennsylvania Labor Rela-

2. Section 702 of Act 195 states that public employers are not required to bargain over "matters of inherent managerial policy...." 43 P.S. § 1101.702.

3. Our scope of review is limited to determining whether there was a violation of constitutional rights, whether there was an error of law or whether the PLRB's findings of fact are supported by substantial evidence. *Plumstead Township v. Pennsylvania Labor Relations Board*, 713 A.2d 730 (Pa.Cmwlth.1998).

4. Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10. Section 1 of Act 111 states that police officers and fire fighters have the right to bargain collectively with their public employers concerning the terms and conditions of their employment.

5. Section 211(c) of the Liquor Code, Act of April 12, 1951, P.L. 90, added by section 14 of the Act of June 29, 1987, P.L. 32, *as amended*, 47 P.S. § 2–211(c), states that, except for the state police officers assigned to the Bureau by the State Police Commissioner, all personnel of the Bureau are civilians. Moreover, section 211(e) of the Liquor Code, 47 P.S. § 2–211(e), states that the Liquor Code shall not be construed to change the status of civilian enforcement agents for the purposes of Act

195 or to cause them to be considered police officers for the purposes of Act 111.

Even before section 211 was added to the Liquor Code, this court had held that Liquor Law Officers are not "police" for purposes of Act 111 because: "Their powers and duties *do not* extend to enforcement of *all* the laws of the Commonwealth." *Fraternal Order of Police v. Pennsylvania Labor Relations Board*, 71 Pa.Cmwlth. 316, 454 A.2d 686, 688, *aff'd*, 502 Pa. 541, 467 A.2d 323 (1983) (emphasis in original).

6. Even if we were to examine the issue presented here under Act 195, the result would be the same. Under Act 195, a matter is a mandatory subject of bargaining if the impact of the issue on the interest of the employees in the terms and conditions of employment outweighs its probable effect on the basic policy of the system as a whole. *Pennsylvania Labor Relations Board v. State College Area School District*, 461 Pa. 494, 337 A.2d 262 (1975). Here, the interest of the Liquor Law Officers in having State vehicles for personal use while off duty does not outweigh the probable effect of the Bureau's vehicle policy on the effective and efficient operation of the liquor law enforcement system as a whole.

tions Board, dated July 27, 1999, is hereby affirmed.