CONCURRING AND DISSENTING ■ OPINION BY JUDGE COSGROVE I see nothing in Woodland Hills School District v. Department of Education, 101 Pa.Cmwlth. 506, 516 A.2d 875 (1986) that suggests a school district’s decision to be a walking district also exempts it from providing transportation to the gifted student under Section 1374 of the Public School Code of 1949.[1] As the Majority stresses that such a distinction exists, I must dissent. It’s tough enough being twelve. Couple that experience with placement of this gifted student in the foreign setting of high school, where age differences alone are super-magnified and all-too-often accompanied by unpleasant interactions with those of the upper-class, and interference with the educational process is quite possible. It is not clear from this record but is at least inferred that the distance between the lower school and the high school, where this boy must walk without the accompaniment of his peers, is at least an intimidating gauntlet. Indeed, the Hearing Officer noted that the student, J.S., expressed a “vague sense of unease” relative to his walking to the high school for these special classes. See Majority, op. at 1192. There should be nothing mysterious about a seventh grader having these feelings as he tries to maneuver his way to this unfamiliar venue. Nor does the law require that he actually be bullied before the district is forced to provide transportation to these high-level classes. There are many “young Sheldons”[2] among us, and the legislature has taken steps to nurture their educational talents while not placing external burdens on them. Finding their abilities to be different from those of others, they are entitled to the full benefit which comes with recognition of those differences. But I agree with the Majority in one respect. In citing Section 1374, the Majority adds emphasis to the last section: “If free transportation [is not provided by the District] ... the intermediate unit shall provide the transportation necessary. ” 24 P.S. § 13-1374 (emphasis added by the Majority, op. at 1193). In stressing this passage, the Majority recognizes that, while it does not find the Mt. Lebanon School District (Petitioner) responsible for providing the transportation J.S. requests, that transportation must nonetheless be provided by someone, and, as the law notes, this “someone” is the intermediate unit. J.S. may not have prevailed in his effort to have Petitioner transport him, but he is nonetheless entitled to the transportation he seeks. Although I disagree that Petitioner is not responsible, I concur in this portion of the Majority opinion that this responsibility falls to the intermediate unit. . Act of March 10, 1949, P.L. 30, as amended, 24 P.S. § 13-1374. . Young Sheldon is a fictional character from a situation comedy of the same name. He attended high school at age 9. See http://www. cbs.com/shows/young-sheldon/about/ (last visited Octobér 27, 2017); see also https://en. wildpedia.org/wiki/Young_Sheldon ■ (last edited October 26, 2017),